# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION
# JURY

| | | |
|---|---|---|
| BARBARA GAY | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:21-CV-255 |
| | § | |
| KEVIN WATLEY AND ALABAMA | § | |
| MOTOR EXPRESS | § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:**

KEVIN WATLEY and ALABAMA MOTOR EXPRESS file their Answer to the Plaintiff's Original Petition and state as follows:

### A.   RESPONSE TO PLAINTIFF'S AVERMENTS

Defendants respond to Plaintiff's averments by corresponding paragraph number as follows:

2.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2 of Plaintiff's Original Petition.

3.   Defendants admit that Kevin Watley is a resident of Louisiana. The remaining averments contained in this paragraph are denied.

4.   Defendants admit that ALABAMA MOTOR EXPRESS is a foreign corporation headquartered in Alabama. The remaining averments contained in this paragraph are denied.

5.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

6. Defendants admit that the accident made the basis of this lawsuit occurred in Bexar County.  The remaining averments contained in this paragraph are denied.

7. Defendants admit that Plaintiff and Defendants were traveling on IH-10 in San Antonio, Bexar County, Texas and that Kevin Watley was in the course and scope of employment.  The remaining averments contained in this paragraph are denied.

8. The averments contained in this paragraph are denied.

9. The averments contained in this paragraph are denied.

10. Defendants admit that Kevin Watley was in the course and scope of employment with Alabama Motor Express at the time of the accident.  The remaining averments contained in this paragraph are denied.

11. The averments contained in this paragraph are denied.

12. The averments contained in this paragraph are denied.

13. The averments contained in this paragraph are denied.

14. Each and every other allegation or averment in the Petition not herein specifically admitted is denied.

## B. DEFENSES

15. Defendants assert that on the occasion in question, Plaintiff was guilty of acts, wrongs and omissions, each of which constituted negligence and comparative fault, and each of which was the sole cause, and/or alternatively, a proximate and producing cause of the occurrence in question and the alleged damages to Plaintiff. Such acts and/or omissions constitute negligence and include but are not limited to the following:  (1) failing to maintain a proper lookout as would have been done by a reasonable person exercising ordinary prudence under the same or similar

circumstances; (2) failing to take proper evasive action so as to avoid the collision in question; (3) failing to sound her horn or give any warnings; (4) failing to perceive and/or identify road conditions; and (5) failing to exercise the degree of caution required by the circumstances then existing should an impending collision occur.

16. Defendants affirmatively assert that the Plaintiff failed to mitigate her damages. Specifically, Plaintiff failed to seek employment, failed to seek medical attention when warranted and/or adhere to health care-providers instructions and recommended treatments. Defendants therefore request a mitigation instruction.

17. Defendants assert that all physical conditions which Plaintiff alleges resulted from the accident in question were pre-existing and/or occurred after the incident in question and were not caused as a result of the incident made the basis of this suit.

18. Alternatively, Defendants assert that their actions and/or omissions were not the producing cause, proximate cause, sole cause, or sole proximate cause of Plaintiff's damages. Rather, Plaintiff's damages are the result of the pre- or post-existing conditions over which the Defendants had no control, and Plaintiff's claimed injuries and damages are not a result of the accident at issue.

19. Alternatively, Defendants assert that the Plaintiff's damages, if any, were caused in whole or in part by the negligent acts, omissions and/or conduct of third parties over whom Defendants had no control, and that those acts, omissions, conditions, or tangible items were the proximate, contributing, sole, new and independent, or subsequent intervening and superseding cause of Plaintiff's damages, if any.

20. Defendants hereby affirmatively invoke the provisions of Chapters 32 and 33 of the Texas Civil Practice and Remedies Code with respect to a determination of comparative responsibility or contribution from Plaintiffs, Defendants, or Responsible Third Parties and claim the right to make such election of credit for settlements as is permitted by statute.

21. Pleading further and without waiver of the foregoing, Defendants affirmatively assert the defense of collateral payment pursuant to TEX. CIV. PRAC. & REM. CODE § 41.0105. Plaintiff's recovery is limited to the amount of reasonable and necessary medical expenses which were paid and accepted rather than the total of the charged medical expenses. Therefore, Defendants object to any evidence of amounts charged versus amounts paid and accepted.

### C.  JURY DEMAND

22. Defendants demand a jury trial.

### D.  PRAYER

**WHEREFORE,** Defendants ALABAMA MOTOR EXPRESS and KEVIN WATLEY pray that Plaintiff take nothing by her suit against Defendants ALABAMA MOTOR EXPRESS and KEVIN WATLEY and for any further relief as to which they may be entitled to at law or in equity.

Respectfully submitted,

**DAVIDSON TROILO REAM & GARZA, P.C.**
601 N.W. Loop 410, Suite 100
San Antonio, Texas 78216
Telephone: (210) 349-6484
Facsimile:   (210) 349-0041

                                              *//s//    David R. Rangel*
                                         **DAVID R. RANGEL**
                                         State Bar No. 24041749
                                         Federal I.D. No. 875461
                                         drangel@dtrglaw.com
                                         **NICONDRA CHARGOIS-ALLEN**
                                         State Bar No. 24031395
                                         Federal I.D. No. 872210
                                         nallen@dtrglaw.com

### ATTORNEYS FOR DEFENDANTS

### CERTIFICATE OF SERVICE

      I hereby certify that on the 12th day of March, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Ms. Bianca Habib
**THE DUNK LAW FIRM, PLLC**
4505 Caroline Street
Houston, Texas 77004


                                              *//s//    David R. Rangel*
                                         **DAVID R. RANGEL**
                                         **NICONDRA CHARGOIS-ALLEN**