UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**BARBARA GAY,**

  *Plaintiff*,

v.                                                                  Case No.  SA-21-CV-00255-JKP

**ALABAMA MOTOR EXPRESS,**
**KEVIN WATLEY,**

  *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Kevin Watley and Alabama Motor Express's Motion for Partial Summary Judgment. ECF No. 35. The Court reserved ruling on the motion to allow the parties an opportunity to conduct additional discovery. ECF No. 36. The Court then granted the parties' request to extend Plaintiff Barbara Gay's deadline to respond to the motion, making the new deadline December 19, 2022. ECF No. 50. Gay did not file a response and the time for doing so has passed. The motion is now ripe for ruling. Upon consideration of the Defendants' briefing and the applicable law, the Court **GRANTS** the Defendants' Partial Motion for Summary Judgment. Gay's causes of action for negligent hiring, training, and supervision are **DISMISSED** with prejudice. Gay's ordinary negligence and respondeat superior claims will proceed to trial.

## BACKGROUND

This lawsuit arises from a motor vehicle accident that occurred on June 2, 2019. According to Gay, she was traveling on the access road of IH-10 East in San Antonio, Texas,

when her vehicle was struck by a tractor trailer driven by Watley, who was acting in the scope and course of his employment with Alabama Motor Express at the time. Gay says she suffered significant physical injuries from the accident. She alleges Watley is liable for negligently failing to keep a proper lookout, timely apply breaks, obey traffic regulations, and pay attention. Gay alleges Alabama Motor Express is liable for Watley's negligence under the theory of respondeat superior. She also alleges Alabama Motor Express is directly liable for negligently hiring, training, and supervising Watley. The Defendants filed a partial motion for summary judgment arguing Gay cannot proffer competent summary judgment evidence to support her claims for negligent hiring, training, and supervision.

## LEGAL STANDARD

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247–48 (1986).

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law. *Celotex Corp.,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n.16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586–87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

## DISCUSSION

The Defendants assert the absence of a genuine dispute of material fact as to Gay's negligent hiring, training, and supervision causes of action. Specifically, the Defendants cite evidence of Watley's valid commercial driver's license, employment history, training, and background check to refute Gay's claim that Alabama Motor Express negligently hired, trained, and supervised him. According to the Defendants, Gay has proffered no evidence to the contrary, and indeed, by failing to respond their motion, Gay has provided the Court with none. This alone is sufficient to meet the Defendants' summary judgment burden. However, the Court also finds the Defendants are entitled to summary judgment because a plaintiff cannot seek recovery against an employer on the theories of respondeat superior and direct negligence at the same time.

The common-law doctrine of respondeat superior holds one person vicariously liable for the acts of another based solely on the relationship between them. *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130–31 (Tex. 2018), *reh'g denied* (Dec. 14, 2018). Under this respondeat superior doctrine, an employer may be vicariously liable for its employee's negligence if "at the time of the negligent conduct, the worker (1) was an employee and (2) was

4

acting in the course and scope of his employment." *Id*. at 131; *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007). Conversely, direct causes of action asserting negligent hiring, training, and supervision are based on the employer's own negligent conduct and not the employee's negligent conduct. *Williams v. McCollister*, 671 F. Supp. 2d 884, 888 (S.D. Tex. 2009).

As a general rule, in cases involving ordinary negligence, causes of action which impose direct liability on an employer for its own negligence (*e.g.*, negligent hiring,…) and causes of action which impose vicarious liability on an employer for its employee's negligence (respondeat superior) allow a plaintiff to recover twice on the same negligent act, that is, once for the employee's negligence in causing the plaintiff's injury, and again for the employer's negligence in hiring the employee. *Robinson*, 2022 WL 174520, at *7; *Rosell v. Cent. W. Motor Stages, Inc.*, 89 S.W.3d 643, 654 (Tex. App.—Dallas 2002, pet. denied). However, in this situation, if the plaintiff does not allege gross negligence, and the defendant employer admits vicarious liability, "the competence or incompetence of the [employee] and the care which was exercised in his employment are immaterial issues." *Id*. Consequently, to preclude this double recovery, the two modes of recovery are mutually exclusive. *Id.; Sanchez v. Transportes Internacionales Tamaulipecos S.A. de C.V.*, No. 7:16-CV-354, 2017 WL 3671089, at *2 (S.D. Tex. July 20, 2017); *Arrington's Estate v. Fields*, 578 S.W.2d 173, 178 (Tex. Civ. App.—Tyler 1979, writ ref'd n.r.e.). In practicality, then, a plaintiff may not advance an ordinary negligence cause of action against an employer under both vicarious liability and direct liability theories when the vicarious liability of the employer is established "by an admission or stipulation of agency or course and scope of employment." *Plascencia v. Hillman*, No. 19-CV-40, 2019 WL 4087439, at *3 (W.D. Tex. July 3, 2019); *Robinson*, 2022 WL 174520, at *7.

Here, Gay alleges Watley's ordinary negligence caused the accident that is the subject of this action. Alabama Motor Express stipulates Watley was acting within the course and scope of his employment at the time of the accident occurred and, therefore, was its statutory employee for purposes of vicarious liability. *See* ECF No. 2 at 2 ¶ 7. Thus, under the doctrine of respondeat superior, Alabama Motor Express assumes vicarious liability for Watley's alleged negligence. Alabama Motor Express's admitted vicarious liability precludes recovery on any causes of action based on its own negligence. *See Williams*, 671 F. Supp. 2d at 888; *Sanchez*, 2017 WL 3671089, at *2; *Fuller v. Werner Enterprises, Inc.*, No. 3:16-CV-2958, 2018 WL 3548886, at *2 (N.D. Tex. July 24, 2018); *Rosell*, 89 S.W.3d at 654. Because Gay cannot pursue both theories of recovery, summary judgment is granted as a matter of law on Gay's direct negligence causes of action against Alabama Motor Express—that is, negligent hiring, training, and supervision. *See Robinson*, 2022 WL 174520, at *7; *Fuller*, 2018 WL 3548886, at *2.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Defendants' Partial Motion for Summary Judgment. ECF No. 35. Gay's claims for negligent hiring, training, and supervision are **DISMSSED** with prejudice. Gay's ordinary negligence and respondeat superior claims will proceed to trial.

It is so ORDERED.
SIGNED this 6th day of January, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE